# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **HIRSHON LAW GROUP PC,** ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | CIVIL NO. 2:23-cv-00445-LEW |
| ) | |
| **WELLS FARGO BANK NATIONAL** ) | |
| **ASSOCIATION,** ) | |
| ) | |
| *Defendant.* | |

## SECOND AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Hirshon Law Group PC, by and through its counsel, and for its Second Amended Complaint against Defendant, Wells Fargo Bank, National Association, states as follows:

1. Plaintiff is and at all times relevant was corporation duly organized and existing under the laws of the State of Maine, having a place of business in the Town of Freeport, County of Cumberland and State of Maine.

2. Defendant, Wells Fargo Bank, National Association, is and at all times relevant was a national banking association authorized to do business in the State of Maine.

3. Plaintiff operates as a single-attorney law firm, with David M. Hirshon, a licensed Maine attorney, as its sole shareholder and officer.

4. In August 2023, Plaintiff represented BE Holdings, LLC ("BE Holdings") in connection with the purchase of real estate from Susanna R. Inman in Cape Elizabeth Maine.

5. By contract, the closing was required to take place on August 11, 2023.

6. On August 9, 2023 at 8:34 a.m., to facilitate that transaction, Plaintiff requested BE

Holdings to wire the sum of Three Hundred Thousand Dollars ($300,000.00) to the "Hirshon Law Group, P.C. IOLTA" account at TD Bank and provided the wiring instructions.

7. Unbeknown to Plaintiff, an unknown person or persons (hereinafter, the "Fraudster") had hacked into Plaintiff's email account.

8. Defendant agreed to let the Fraudster open an account at a Texas branch of its bank, with an account number ending in "4275" under the name of "Iken D. Dosso" and an address in Irving, Texas.

9. On August 9, 2023, at approximately 9:13 a.m., the Fraudster emailed BE Holdings pretending to be David M. Hirshon, using Plaintiff's email address, and instructing that the requested funds be wired to the said Texas "-4275" account the Fraudster had set up with Defendant at Defendant's bank, falsely identifying the name on the account as "Hirshon Law Group, P.C. IOLTA" and identifying the bank's location in Irving, Texas.

10. The Fraudster's email falsely implied that the prior wiring instructions should be disregarded because "[o]ur Td Bank account is undergoing fiscal auditing, and payment into the TD will be void or returned."

11. Believing the Fraudster's email had come from Plaintiff, BE Holdings sent the fraudulent wiring instructions to its bank on August 9, 2023.

12. Defendant accepted the fraudulent wire transfer of $300,000.00 on August 9, 2023.

13. On August 10, 2023, Plaintiff confirmed that the funds had not been sent to its escrow account at TD Bank but rather had gone to the fraudulent account at Defendant's Texas bank.

14. Defendant was immediately notified of the fraudulent transaction.

15. At or about 11:30 a.m. on August 10, 2023, Defendant acknowledged receipt of the notice of the fraudulent transaction and advised that it "will respond in due course."

16. Prior to Defendant's acceptance of the fraudulent wire transfer, the balance in the Fraudster's Texas "-4275" account was Eighty-seven Cents ($0.87).

17. On August 9, 2023, the Fraudster drew two checks on his Texas "-4275" account: one to himself ("Iken David Dosso") for $69,000.00 and the other for $125,000.00, identifying the payee, after crossing out "Iken David Dosso," as "AEEA COMERCIO EXPORTACO LTD AI."

18. On information and belief, "AEEA COMERCIO EXPORTACO LTD AI." was either a fictitious entity or an entity wholly controlled by the Fraudster.

19. On August 9, 2023, the Fraudster deposited the said checks in two different banks.

20. After Defendant had been notified of the fraud and theft on August 10, 2023, it had at least until midnight of that day to make final payment on the said checks.

21. Knowing that the funds in the said Texas "-4275" account did not lawfully belong to the Fraudster, Defendant nevertheless made or allowed payment of the said checks, thereby substantially depleting the stolen funds in the said account.

22. Plaintiff was obliged to provide the missing Three Hundred Thousand Dollars ($300,00.00) from its own funds to enable BE Holdings to complete the purchase of the real estate on August 11, 2023 in accordance with its contract.

23. Having indemnified its client, BE Holdings, Plaintiff became subrogated to the rights of BE Holdings with respect to its claims and causes of action against Defendant.

24. On or about September 5, 2023, Defendant returned One Hundred Three Thousand Nine Hundred Eighty-five Dollars and Eighty-seven Cents ($103,985.87) out of the Three Hundred Thousand Dollars ($300,000.00) it had received as a result of the said fraud.

25. Defendant refused to explain why it was not returning the remaining sum of 196,014.13 or to explain what happened to such remaining funds.

26. Having effectively funded the said account at Defendant's bank, BE Holdings became a "customer" of Defendant within the meaning of the Uniform Commercial Code.

27. Under the Uniform Commercial Code and/or the common law, Defendant owed BE Holdings and/or Plaintiff a duty of care in managing and safeguarding the stolen funds.

28. Under the Uniform Commercial Code and/or the common law, Defendant owed BE Holdings and/or Plaintiff fiduciary duties in managing and safeguarding the stolen funds.

29. Defendant breached its duty of care and/or its fiduciary duties and acted negligently in paying out $194,000.00 from the stolen funds and/or in allowing the Texas account to be used to perpetrate a fraud.

30. In so doing, Defendant further breached its duties of due diligence, good faith, and reasonable commercial standards of fair dealing.

31. As a direct and proximate result of Defendant's negligence and/or breach of fiduciary and other duties, Plaintiff has been damaged in such amounts as will be shown at trial.

32. Plaintiff demands a trial by jury on all issues triable by right to a jury.

WHEREFORE, Plaintiff, Hirshon Law Group, P.C., demands judgment against Defendant, Wells Fargo Bank, National Association, in such amounts as are reasonable in the premises, together with interest and costs, and for such other and further relief as the Court deems just and proper.

DATE: March 15, 2024

/s/ Marshall J. Tinkle_____
Marshall J. Tinkle, BRN #2833
Attorney for Plaintiff

Thompson, MacColl & Bass, LLC, P.A.
15 Monument Square, 4th Floor
P.O. Box 447
Portland, ME  04112-0447

(207) 774-7600
mtinkle@thomport.com

## CERTIFICATE OF SERVICE

 I, Marshall J. Tinkle, certify that, on the date set forth above, I made due service on the parties of the foregoing filing by electronically filing the same using the Court's EM/ECF system, which will cause the same to be served on all counsel of record.

            /s/ Marshall J. Tinkle
            Marshall J. Tinkle